Lauren E. Komsa, Esq.  (Bar No. 244438)
lkomsa@hillrivkins.com
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, New York 10006
Telephone: 212-669-0600
Facsimile:  212-669-0698
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOMPO JAPAN NIPPONKOA INSURANCE INC. a/s/o NSK CORPORATION,<br><br>                          Plaintiffs,<br><br>vs.<br><br>MITSUI O.S.K. LINES, LTD., and BNSF RAILWAY COMPANY<br><br>                          Defendants. | Docket No.:    18-cv-2175<br><br>COMPLAINT FOR DAMAGES |

Plaintiff SOMPO JAPAN NIPPONKOA INSURANCE INC. a/s/o NSK CORPORATION by and through its attorneys Hill Rivkins LLP, as and for its complaint against Defendants MITSUI O.S.K. LINES, LTD., and BNSF RAILWAY COMPANY, (hereinafter collectively, "Defendants"), allege upon information and belief as follows:

1

COMPLAINT FOR DAMAGES

## PARTIES AND JURISDICTION

1.     At and during all material times hereinafter mentioned, plaintiff SOMPO JAPAN NIPPONKOA INSURANCE INC. ("Sompo") was and now is a foreign company with a principal place of business in Tokyo, Japan, and office in New York, New York, and was the insurer of one or more of the shipments that are the subject of this lawsuit, and became subrogated to the rights of its insured as a result of payment(s) to its insured pursuant to a valid policy of cargo insurance, and/or otherwise had an interest in said shipment, and brings this action as subrogee and assignee of its insured, NSK Corporation ("NSK"), which was and now is a corporation organized existing under the laws of the State of Delaware, with an office and principal place of business in Michigan.

2.     At and during all material times hereinafter mentioned, defendant MITSUI O.S.K. LINES, LTD. ("MOL") was and now is a foreign company organized and existing under the laws of Japan with a principal place of business in Tokyo, Japan, registered with and authorized to do business in the State of California with an office and place of business through its agent, MOL (AMERICA) INC. MOL was and now is a common carrier of goods for hire and/or transport intermediary and issues bills of lading and/or waybills for the common carriage of goods aboard ocean-going vessels. MOL regularly conducts business throughout the

2

COMPLAINT FOR DAMAGES

United States, including Los Angeles County, and including one or more shipments of freight that are the subject of this lawsuit.

3. At and during all material times hereinafter mentioned, defendant BNSF RAILWAY COMPANY ("BNSF") was and now is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Texas. BNSF was and now is a rail carrier of property in interstate commerce, licensed by the Department of Transportation. BNSF regularly conducts business throughout the United States, including Los Angeles County, and including one or more shipments of freight that are the subject of this lawsuit. The freight that is the subject of this lawsuit originated rail carriage in Los Angeles County.

4. This Honorable Court has subject matter jurisdiction pursuant to 49 U.S.C. § 11706, 28 U.S.C. § 1333 and/or the *Carriage of Goods by Sea Act*, 49 Stat. 1207(1936).

5. Defendants are subject to the personal jurisdiction of this Honorable Court by virtue of transacting business within and through this District.

6. Venue is proper under 28 U.S.C. 1391 as defendants transact business within and/or through the District and a substantial part of the events or omissions giving rise to the claim occurred in the District.

3

COMPLAINT FOR DAMAGES

7.      Defendants consented to extend the deadline to file a lawsuit for the subject losses up to and including Mach 15, 2018.

## MATERIAL FACTS COMMON TO ALL CLAIMS

8.      In May-June, 2016, various shipments of containerized cargo ("the Shipments") were delivered by or on behalf of the Plaintiff's insured to Defendants, and each of them, in good order and condition, suitable in all respects for intermodal transportation. The said Shipments were shipped in international commerce from various ports in Japan aboard the MOL GLIDE destined for the United States via the Port of Los Angeles for various points of inland destinations.

9.      Defendants received and accepted the Shipments and agreed to safely transport the Shipments entrusted to their actual and/or constructive care between certain geographic locations in international and/or interstate commerce.

10.      On or before June 28, 2016, defendant BNSF accepted each of the Shipments in good order and condition for good and valuable consideration, and agreed to safely transport said Shipments to various specified destinations in the Midwestern United States. Each of the containerized Shipments were loaded onto a train owned, maintained, operated, managed and/or otherwise controlled by defendant BNSF in Los Angeles County, California.

COMPLAINT FOR DAMAGES

11. On June 28, 2016, the subject Shipments were being carried on board the BNSF eastbound train S-LACLPC1-26K. At approximately 8:21 a.m. central daylight time on June 28, 2016, at or around milepost 525.4 on the BNSF Panhandle Subdivision, the train carrying the Shipments collided with westbound train Q-CHISBD6-27L, which was owned, maintained, operated, managed and/or otherwise controlled by defendant BNSF. The collision caused the train carrying the Shipments to derail, resulting in damage to each of the Shipments.

12. By reason of the premises, Defendants, and each of them, failed to deliver the Shipments in the same good order and condition to their respective destinations as the Shipments were received, were negligent and careless in their handling of the Shipments, breached their statutory, common-law and contractual duties and obligations as common carriers and/or bailees for hire and were otherwise at fault.

13. Each of the Shipments of freight were lost or damaged in varying degrees and were never delivered to the consignee, delivered to the consignee partially damaged, and/or delivered to the consignee as a constructive total loss.

14. Timely demands for payment of the claims were made by Plaintiff and/or other interested parties to Defendants, but no payment has been made.

COMPLAINT FOR DAMAGES

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF SOMPO AGAINST DEFENDANTS

15.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 14 of this Complaint with the same force and effect as if herein set forth herein at length.

16.     Defendants MOL and BNSF undertook to carry, store, secure, and/or arrange for the carriage of two containers of parts for automotive bearings ("NSK 1 Cargo"), including container no. CXDU1577718, shipped by NSK Ltd. or Naigai Nitto Co., Ltd. on behalf of NSK Ltd. to NSK, or Naigai Nitto America Inc. on behalf of NSK, from Tokyo, Japan to Franklin, Indiana, pursuant to waybill nos. UYPF728, UYPF29, and MOLU12019083327 (the "NSK 1 Shipment") for good and valuable consideration.

17.     Plaintiff Sompo is the subrogated insurer and/or assignee of the consignee and/or owner of the NSK 1 Cargo, NSK, in connection with this loss and/or otherwise has an actionable interest in the NSK 1 Cargo.

18.     The NSK 1 Cargo was tendered to Defendants MOL and BNSF in good order and condition, suitable in all respects for the intended shipment was accepted for carriage by Defendants MOL and BNSF.

COMPLAINT FOR DAMAGES

19.     Following the aforementioned BNSF train collision, the NSK 1 Cargo was lost and/or damaged in transit while in the care, custody and/or control of Defendants.

20.     The damage to the NSK 1 Cargo was not the result of any act or omission of Sompo and/or its insured, but rather, the damage was solely a result of the negligence, fault, neglect, breach of contract of carriage, breach of bailment and/or otherwise culpable conduct negligence, on the part of Defendants and/or their agents and/or subcontractors for whom they agreed to assume liability.

21.     By reason of the foregoing damage to NSK 1 Cargo, plaintiff Sompo has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $74,034.80.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF SOMPO AGAINST DEFENDANTS

22.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 21 of this Complaint with the same force and effect as if herein set forth herein at length.

23.     Defendants MOL and BNSF undertook to carry, store, secure, and/or arrange for the carriage of a two containers of parts for bearings ("NSK 2 Cargo")

in two containers, including container no. MOAU6760014, shipped by NSK Ltd. or Naigai Nitto Co., Ltd. on behalf of NSK Ltd. to NSK, or Naigai Nitto America Inc. on behalf of NSK, from Kobe, Japan to Franklin, Indiana, pursuant to waybill nos. UYPF717 and MOLU12019083409 (the "NSK 2 Shipment") for good and valuable consideration.

24.    Plaintiff Sompo is the subrogated insurer and/or assignee of the consignee and/or owner of the NSK 2 Cargo, NSK, in connection with this loss and/or otherwise has an actionable interest in the NSK 2 Cargo.

25.    The NSK 2 Cargo was tendered to Defendants MOL and BNSF in good order and condition, suitable in all respects for the intended shipment was accepted for carriage by Defendants MOL and BNSF.

26.    Following the aforementioned BNSF train collision, the NSK 2 Cargo was lost and/or damaged in transit while in the care, custody and/or control of Defendants.

27.    The damage to the NSK 2 Cargo was not the result of any act or omission of Sompo and/or its insured, but rather, the damage was solely a result of the negligence, fault, neglect, breach of contract of carriage, breach of bailment and/or otherwise culpable conduct negligence, on the part of Defendants and/or their agents and/or subcontractors for whom they agreed to assume liability.

COMPLAINT FOR DAMAGES

28.    By reason of the foregoing damage to NSK 2 Cargo, plaintiff Sompo has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $64,962.89.

WHEREFORE, Plaintiff prays:

1.    That process in due form of law according to the practice of this Court may issue against Defendants.

2.    That a decree may be entered in favor of plaintiff Sompo and against defendants MOL and BNSF, in the amount of $74,034.80 with interest and costs.

3.    That a decree may be entered in favor of plaintiff Sompo and against defendant BNSF in the amount of $64,962.89 with interest and costs.

4.    Plaintiff further prays for any other, further and different relief as this Court may deem just and proper.

Dated:    New York, New York
          March 15, 2018

                        HILL RIVKINS LLP
                        Attorneys for the Plaintiff

_____

9

COMPLAINT FOR DAMAGES

By:    _/s/ Lauren E. Komsa_____
　　　　Lauren E. Komsa
　　　　45 Broadway, Suite 1500
　　　　New York, NY 10006
　　　　Tel. 212-669-0600
　　　　Fax: 212-669-0698

10

COMPLAINT FOR DAMAGES